Filed 12/2/22  P. v. Speight CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ERIC DAYSHAWN SPEIGHT,<br><br>    Defendant and Appellant. | G061388<br><br>(Super. Ct. No. SWF10001639)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Riverside County, John D. Molloy.  Affirmed.

Stephanie M. Adraktas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent Eric Dayshawn Speight on appeal. Counsel filed a brief that set forth the facts of the case. Counsel did not argue against her client but advised the court she found no issues to argue on his behalf.

Counsel filed a brief following the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). The court in *Wende* explained a *Wende* brief is one that sets forth a summary of proceedings and facts but raises no specific issues. Under these circumstances, the court must conduct an independent review of the entire record. When the appellant himself raises specific issues in a *Wende* proceeding, we must expressly address them in our opinion and explain why they fail. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.)

Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), to assist the court with its independent review, counsel provided the court with information as to one issue that might arguably support an appeal: after defense counsel advised the trial court that Speight wished to be personally present for the hearing on his Penal Code section 1170.95[1] petition for resentencing, did the court prejudicially err when it conducted a hearing on the petition in Speight's absence?

We gave Speight 30 days to file written argument on his own behalf. Thirty days have passed, and Speight has not filed any written argument.

We have independently reviewed the record in accordance with our obligations under *Anders* and *Kelly*. We found no arguable issues on appeal. We affirm the postjudgment order.

FACTS

A detailed recitation of the facts is provided in our prior opinion *People v. Speight* (2014) 227 Cal.App.4th 1229 (*Speight*). A brief recitation will suffice.

---

[1] All further statutory references are to the Penal Code. Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. For purposes of clarity, we refer to the statute as section 1172.6 throughout the opinion.

2

Michael S. visited his sister Tonesha S. and told her that 17-year-old Speight and a few other men attacked him. (*Speight, supra,* 227 Cal.App.4th at p. 1233.) Michael had visible injuries to his face. For a week, Tonesha called Speight incessantly to learn why Speight hit Michael. Tonesha's anger with Speight intensified when he avoided her calls. Tonesha's mother, Cherlyn S., tried to speak with Speight's mother concerning the incident to no avail. (*Ibid.*)

Days later, Tonesha, and her boyfriend Richard S., saw Cherlyn at a mall. (*Speight, supra,* 227 Cal.App.4th at p. 1233.) Cherlyn had Tonesha and Richard's children with her. Cherlyn told Tonesha that she was going to speak with Speight's mother. Tonesha was uneasy with Cherlyn taking the children with her so Tonesha, Richard, and friend Bryant W. followed Cherlyn in Tonesha's car. (*Ibid.*)

Cherlyn stopped her car in front of Speight's residence, and Tonesha stopped her car a short distance away. (*Speight, supra,* 227 Cal.App.4th at p. 1233.) Speight's aunt walked to Cherlyn's car and their conversation went from civil to confrontational. (*Ibid.*) Tonesha got out of her car and joined the conversation. (*Id.* at pp. 1233-1234.) She saw Speight and two men standing near the home's front door. (*Id.* at p. 1234.)

Tonesha saw Speight walking towards her with a gun. (*Speight, supra,* 227 Cal.App.4th at p. 1234.) Richard grabbed Tonesha and said they needed to leave. "Bryant said, '"Hey, watch out, he [*sic*] got a gun,"' and he ran away. Richard grabbed Tonesha's hand and began to run away. . . . Tonesha broke away from Richard and ran towards her car. Richard saw Speight shoot the gun in Bryant's direction but Bryant had turned the corner." (*Ibid.*)

Tonesha heard the first shot as she ran away. (*Speight, supra,* 227 Cal.App.4th at p. 1234.) Speight chased her down and shot her in the back. "As Richard ran to Tonesha, Speight pointed the gun at Tonesha, and Richard said, 'She's already dead, why are you still shooting?'" (*Ibid.*) Speight shot Richard in the left

3

shoulder. As Richard tried to pick up Tonesha, Speight shot Tonesha in the right shoulder. Richard and Tonesha fled to a nearby home for help. (*Ibid*.)

"After Richard had Tonesha sit on the porch and he rang the doorbell, Richard walked away. Speight followed Richard, and Richard asked him what he was doing." (*Speight, supra,* 227 Cal.App.4th at p. 1234.) Speight pointed the gun at Richard and fired, but there were no more bullets. Speight appeared to have smirked before he ran home. Tonesha suffered critical injuries, but Richard's injury was considered superficial. (*Ibid*.)

A jury convicted Speight of two counts of willful, premeditated, and deliberate attempted murder (§§ 664, 187, subd. (a)) (count 1—Tonesha & count 2—Richard). (*Speight, supra,* 227 Cal.App.4th at pp. 1234, 1240.) The jury found true the special allegation Speight inflicted great bodily injury causing Tonesha to be comatose or suffer paralysis (§ 12022.7, subd. (b)). (*Speight, supra,* 227 Cal.App.4th at pp. 1234, 1240.) With respect to counts 1 and 2, the jury also found true Speight personally discharged a firearm and caused great bodily injury (§§ 12022.53, subd. (d), 1192.7, subd. (c)(8)). (*Speight, supra,* 227 Cal.App.4th at pp. 1234-1235, 1240.) The trial court sentenced Speight to 64 years to life in prison. (*Id*. at p. 1240.)

On appeal, we agreed with Speight his trial counsel provided deficient prejudicial performance when he did not object his sentence was cruel and unusual punishment for a juvenile offender. (*Speight, supra,* 227 Cal.App.4th at pp. 1248-1249.) We affirmed in part, reversed in part, and remanded for resentencing. (*Id*. at p. 1249.) On remand, the trial court sentenced Speight to 25 years to life in prison.

Years later, Speight filed a section 1172.6 petition for resentencing. The petition alleged the prosecution proceeded under a theory of felony murder, the natural and probable consequences doctrine, or another theory under which malice was imputed and he could not be convicted of attempted murder due to changes made to sections 188 and 189 effective January 1, 2019. There is no dispute the trial court appointed counsel, issued an order to show cause, and held a hearing.

4

At the order to show cause hearing, the prosecution argued that at trial the jury instructions required the jury find Speight had the personal intent to kill and the trial court did not instruct the jury on the natural and probable consequences theory. Speight's counsel stated he had conferred with Speight remotely and Speight wished to be present for the hearing and had information he wished to present to the court. Counsel requested the court dismiss the petition. The court proceeded to decide the petition on the merits without Speight being present.

The trial court reviewed the jury instructions that had been given at Speight's trial and recited their titles, which included instructions requiring a finding of specific intent to kill. The court noted the jury had not been instructed as to aiding and abetting or the natural and probable consequences doctrine. The court concluded the jury found Speight guilty based on a finding he had personally formed the specific intent to kill. The court found Speight was ineligible for relief under section 1172.6 and denied the petition.

DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437) amended sections 188 and 189, effective January 1, 2019, to eliminate natural and probable consequences liability for murder, and to limit the scope of the felony-murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957, 959 (*Lewis*).) Under sections 188 and 189, as amended, murder liability can no longer be "imposed on a person who [was] not the actual killer," who "did not act with the intent to kill," or "who was not a major participant in the underlying felony who acted with reckless indifference to human life." (*Lewis*, supra, 11 Cal.5th at p. 959.) SB 1437 also added section 1172.6 which, as originally enacted, set forth a procedure whereby a "person convicted of felony murder or murder under the natural and probable consequences doctrine or theory" could petition for resentencing relief. (§ 1172.6, subd. (a).)

Senate Bill No. 775 (2020-2021 Reg. Sess.) (SB 775), effective January 1, 2022, amended section 1172.6, subdivision (a), to expand the individuals entitled to

petition for resentencing. (Stats. 2021, ch. 551, § 1, subd. (a).) Subdivision (a), of that section now expressly permits individuals convicted of attempted murder or manslaughter under a natural and probable consequences theory to file a petition for resentencing relief. A section 1172.6 petition is required to make "'a prima facie showing' for relief. (§ 1172.6, subd. (c).)" (*Lewis, supra*, 11 Cal.5th at p. 960.) In *Lewis, supra*, 11 Cal.5th at page 971, our Supreme Court held "[t]he record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless."

The trial court found Speight ineligible as a matter of law based on the record of conviction. The record clearly demonstrates Speight was the actual killer who acted with the intent to kill and, therefore, he is ineligible for relief under section 1172.6. Additionally, the jury was not instructed on aiding and abetting or the natural and probable consequences doctrine and thus Speight could not have been convicted on a theory of vicarious liability. The only question is whether it was prejudicial error for the court to have proceeded in making the eligibility determination without allowing Speight to be present at the hearing.

"A defendant has the constitutional right to be personally present in court 'where necessary to protect the defendant's opportunity for effective cross-examination, or to allow him to participate at a critical stage and enhance the fairness of the proceeding.'" (*People v. Flinner* (2020) 10 Cal.5th 686, 710.) The right is guaranteed by the Sixth and Fourteenth Amendments to the federal Constitution, as well as article 1, section 15 of the California Constitution. (*People v. Blacksher* (2011) 52 Cal.4th 769, 798-799.) Critical stages of a defendant's criminal prosecution include the imposition of sentence, a sentence modification hearing, and resentencing. (*People v. Cutting* (2019) 42 Cal.App.5th 344, 347-348 [defendant had federal constitutional right to be present at resentencing hearing following a change in the law applicable to an enhancement initially imposed by the lower court].)

6

A violation of a federal constitutional right must be assessed for prejudice under *Chapman v. California* (1967) 386 U.S. 18, 24.  Under the standard set forth in *Chapman*, where a constitutional error is found, reversal is required unless the prosecution can show that the error was harmless beyond a reasonable doubt.

The record clearly indicates Speight was ineligible for relief as a matter of law.  Accordingly, we find the error in failing to allow him to be present at the evidentiary hearing was harmless beyond a reasonable doubt.

We have reviewed the record pursuant to *Wende, supra*, 25 Cal.3d 436, and *Anders, supra*, 386 U.S. 738, and considered the possible issue raised by appellate counsel.  We found no arguable issues on appeal.

### DISPOSITION

The postjudgment order is affirmed.

O'LEARY, P. J.

WE CONCUR:

MOORE, J.

MOTOIKE, J.